UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HAVANA DOCKS CORPORATION,

        Plaintiff,

Case No.:

vs.

NORWEGIAN CRUISE LINE
HOLDINGS, LTD.,

        Defendant.
_____/

# COMPLAINT

Plaintiff Havana Docks Corporation ("Plaintiff") hereby sues Norwegian Cruise Line Holdings, Ltd. ("Defendant" or "Norwegian"), pursuant to the Cuban Liberty and Democratic Solidarity Act ("LIBERTAD Act"), for trafficking in Plaintiff's confiscated property located in Cuba.

## INTRODUCTION

1.    The LIBERTAD Act was enacted to assist the Cuban people in regaining their freedom and prosperity, strengthen international sanctions against the communist Cuban Government, and to deter the exploitation of wrongfully confiscated property in Cuba belonging to United States nationals. Although every U.S. President has suspended the right to bring an action under the LIBERTAD Act since its enactment in 1996, the Defendant has been on notice since 1996 that trafficking in property confiscated by the communist Cuban Government would subject it to liability under the LIBERTAD Act. As of the date of filing this

Complaint, the United States Government has ceased suspending the right to bring an action under the LIBERTAD Act, which therefore permits Plaintiff to seek damages for the Defendant's conduct in exploiting Plaintiff's wrongly confiscated property.

## PARTIES

2. Plaintiff, Havana Docks Corporation, 215 Southland Drive, Lexington, Kentucky, 40503, is a Delaware corporation and a U.S. National under 22 U.S.C. § 6023(15)(B).

3. Defendant is a foreign corporation maintaining its principal executive offices and place of business at 7655 Corporate Center Drive, Miami, Florida 33126. Defendant operates the Norwegian Cruise Line, Oceania Cruises, and Regent Seven Seas Cruise brands.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), because Plaintiff's claim arises under 22 U.S.C. § 6021, *et seq.*, and the amount in controversy exceeds the sum or value of $50,000, exclusive of interest, costs, and attorneys' fees.

5. Venue is proper in this judicial District under 28 U.S.C. § 1391(b)(1), because the Defendant resides in this judicial District, and under 28 U.S.C. §§ 1391(b)(2) and 1391(d), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial District.

## THE CUBAN LIBERTY AND DEMOCRATIC SOLIDARITY ACT

6.   The LIBERTAD Act became effective March 12, 1996.  One of the LIBERTAD Act's purposes is to "protect United States nationals against confiscatory takings and the wrongful trafficking in property confiscated by the Castro Regime." 22 U.S.C. § 6022(6).  Title III of the LIBERTAD Act ("Title III") establishes a private right of action for money damages against any person who "traffics" in such property as defined by 22 U.S.C. § 6023(13).  *See* 22 U.S.C. § 6082.

## FACTUAL ALLEGATIONS

7.   Plaintiff, a U.S. national as defined by 22 U.S.C. § 6023(15), is the rightful owner of an interest in and claim to certain commercial waterfront real property in the Port of Havana, Cuba identified specifically by the Republic of Cuba ("Cuba") as the Havana Cruise Port Terminal (the "Subject Property").

8.   The Subject Property was continuously, owned, possessed and used in Cuba by Plaintiff from 1917 until the communist Cuban Government confiscated it in 1960.

### Cuba's Confiscation of the Subject Property

9.   The communist Cuban Government confiscated the Subject Property on October 24, 1960.  The communist Cuban Government maintains possession of the Subject Property and has not paid any compensation to Plaintiff for its seizure.

10.  More specifically, the communist Cuban Government nationalized, expropriated, and seized ownership and control of the Subject Property.  The Subject Property has not been returned and adequate and effective compensation has not

3

been provided. Further, the claim to the Subject Property has not been settled pursuant to an international claims settlement agreement or other settlement procedure.

11. Plaintiff never abandoned its legitimate interest in and claim to the Subject Property.

Certification of the Confiscated Subject Property

12. Plaintiff's ownership interest in and claim to the Subject Property has been certified by the Foreign Claims Settlement Commission under the International Claim Settlement Act of 1949.

Norwegian's Trafficking in the Confiscated Subject Property

13. On information and belief, beginning on or about March 2017 and continuing for at least two years thereafter, the Defendant knowingly and intentionally commenced, conducted, and promoted its commercial cruise line business to Cuba using the Subject Property by regularly embarking and disembarking its passengers on the Subject Property without the authorization of Plaintiff or any U.S. national who holds a claim to the Subject Property.

14. On information and belief, beginning on or about March 2017 and continuing for at least two years thereafter, the Defendant also knowingly and intentionally participated in and profited from the communist Cuban Government's possession of the Subject Property without the authorization of Plaintiff or any U.S. national who holds a claim to the Subject Property.

**Colson Hicks Eidson**
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

15. The Defendant's knowing and intentional conduct with regard to the confiscated Subject Property is trafficking as defined in 22 U.S.C. § 6023(13)(A).

16. As a result of the Defendant's trafficking in the Subject Property, the Defendant is liable to Plaintiff for all money damages allowable under 22 U.S.C. § 6082(a), which amount is no less than three (3) times $167,744,818 for a total of $503,234,453.

## CLAIM FOR DAMAGES

## TITLE III OF THE LIBERTAD ACT

17. Plaintiff incorporates by reference paragraphs 1 through 16 as if fully stated herein.

18. This claim is brought pursuant to Title III of the LIBERTAD Act, 22 U.S.C. § 6082.

19. As set forth in Title III and alleged above, beginning on or around March 2017 and continuing for at least two years thereafter, the Defendant did traffic, as that term is defined in 22 U.S.C. § 6023(13)(A), in the Subject Property which was confiscated by the communist Cuban Government on or after January 1, 1959 and is therefore liable to Plaintiff, who owns the claim to the Subject Property for money damages.

20. Plaintiff is entitled to all money damages allowable under 22 U.S.C. § 6082(a), including, but not limited to, those equal to the sum of:

    a. The amount greater of: (i) the amount certified by the Foreign Claims Settlement Commission, plus interest; (ii) the amount determined by a special

5

master pursuant to 22 U.S.C. § 6083(a)(2); or (iii) the "fair market value" of the Subject Property, plus interest;

      b.    Three times the amount determined above (treble damages); and

      c.    Court costs and reasonable attorneys' fees.

21. As of the date of filing this Complaint, the United States Government has ceased suspending the right to bring an action under Title III, 22 U.S.C. § 6085, which therefore permits Plaintiff to seek the relief requested herein.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A. Ordering the Defendant to pay damages (including treble damages);

B. Ordering the Defendant to pay pre- and post-judgment interest on any amounts awarded;

C. Order the Defendant to pay attorneys' fees, costs, and expenses; and

D. Ordering such other relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable, and a trial pursuant to Rule 39(c), Federal Rules of Civil Procedure, as to all matters not triable as of right by a jury.

Dated: August 27, 2019.

Respectfully submitted,

**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
E-mail: eservice@colson.com

By: s/ Roberto Martínez
Roberto Martinez, Esquire
Florida Bar No. 305596
bob@colson.com
Stephanie A. Casey, Esquire
Florida Bar No. 97483
scasey@colson.com
Aziza F. Elayan-Martínez, Esquire
Florida Bar No. 92736
aziza@colson.com

- and -

**MARGOL & MARGOL, P.A.**
2029 3rd Street North
Jacksonville Beach, Florida 32250
Telephone: (904) 355-7508
Facsimile: (904) 619-8741

Rodney S. Margol, Esquire
Florida Bar No. 225428
Rodney@margolandmargol.com
*Pro Hac Vice* Motion Forthcoming

*Attorneys for Plaintiff Havana Docks Corporation*