UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-23591-CIV-BLOOM/Louis

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

NORWEGIAN CRUISE LINE HOLDINGS LTD.

    Defendant.

_____/

# ORDER

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Compel Discovery Concerning Other Cuban Ports (ECF No. 94).[1] Plaintiff's Motion seeks an order overruling Defendant's objection to responding to certain discovery requests on the grounds that "this case concerns only transactions related to property in Havana – not Cuba generally" (the "geographical objection").[2] Plaintiff avers that the information requested is necessary to challenge Defendant's asserted lawful travel defense. Defendant responded in opposition to the Motion (ECF No. 98), and generally argues that because the Subject Property is located in Havana, so too discovery should be limited to Defendant's travel to Havana. A hearing on the Motion was conducted on August 25, 2020.

As noted at the hearing, the scope of relevant discovery is not necessarily defined by the locale of the travel; the objection oversimplifies what is "relevant" to this case. While resolution

---

[1] This matter was referred to the undersigned United States Magistrate Judge by the Honorable Beth Bloom, United States District Judge (ECF No. 25).

[2] At a prior hearing on discovery disputes, Plaintiff was given leave to file a motion to compel as the relevance of the discovery sought raises legal questions, which the Parties were permitted to brief.

1

of Plaintiff's Motion thus required an examination of Plaintiff's proffered relevance request by request, Defendant's objection to searching for or producing documents and information not directly related to its travel to Havana was overruled. The following summarizes the Court's rulings with respect to the specific requests argued at the hearing.[3]

## I. DISCUSSION

Plaintiff's claims in this case allege that Defendant NCL trafficked in Plaintiff's interest in and certified claim to confiscated waterfront property in Havana, Cuba, and Plaintiff seeks damages available to it under the Helms-Burton Act, 22 U.S.C. § 6021 *et seq*. Plaintiff owns a claim to a dock in Havana that NCL allegedly used for the disembarking of passengers from its cruise ships that made port in Havana. Defendant contends that it is not liable to Plaintiff for use of the dock in relation to its travel to Havana, because the Act carves out from the definition of "traffics" any "transactions and uses of property incident to lawful travel to Cuba, to the extent that such transactions and uses of property are necessary to the conduct of such travel." *Id.* at § 6023(13)(B)(iii). Defendant contends its travel to Havana was pursuant to general licenses, thus lawful, and its use of the Plaintiff's dock was "necessary" "given that the Cuban Government mandated use of the Subject Property" (ECF No. 98 at 2). Among other challenges, Plaintiff contests the availability of the travel defense to NCL, which indisputably also traveled on the general license to other ports in Cuba. Plaintiff further challenges Defendant's contention that use of the port in Havana was "necessary" because Defendant had alternative means of disembarking passengers, for example, anchoring offshore. The present discovery dispute thus requires examination of what is relevant to Defendant's affirmative defense, and Plaintiff's ability to discover evidence that disproves the defense.

---

[3] This Order does not memorialize those disputes the Parties represented that they have resolved.

In order to determine the scope of relevant discovery, I am informed by what evidence has been developed to date, and more pointedly here, what remains to be disclosed. Defendant's assertion of the travel defense is disclosed in response to Plaintiffs' interrogatories, at least partially. Plaintiff asked Defendant to explain the reason or reasons it chose the Subject Property as the location to dock its ships. Defendant answered: "Subject Property was used because it was the only area in Havana designated by Cuba for passengers to embark and disembark lawfully because it exclusively houses medical screening, immigration, and customs." Def. Objs. and Ans. To Interrogatory No. 2. At the hearing, defense counsel represented that, despite inclusion of the explanation of services housed at the location, suggesting that NCL selected the dock for those reasons, it was the Cuban government's designation of the dock that determined NCL's use of it. If NCL was in fact instructed to use the dock for its travel to Havana, this may significantly narrow the scope of discovery relevant to disprove NCL's assertion of necessity. However, neither the interrogatory answer nor counsel's explanation at the hearing shed much light on the factual basis for this assertion: discovery has not revealed whether the government communicated this designation to NCL verbally or in writing, to whom, or when, or what was communicated other than NCL contends that it constituted designation of the Subject Property for use. Plaintiff contends it is far more likely the Property selected because of its desirable location in the City of Havana, where most passengers would want to disembark and visit. With this context, the result of specific disputed requests are as follows:

1. Defendant's duty to produce documents that it may use to support its travel defense, which include documents that inform Defendant's answer to Interrogatory No. 2 and its representation that it was the Cuban government that designated the property for use in Havana, is established by Rule 26(a) and thus the documents should have already been produced without awaiting discovery

request. Fed. R. Civ. P. Rule 26(a). Counsel's contention that this duty has been satisfied by description of categories of documents, despite the admitted absence of information supporting the proffered defense, "is at war with the spirit of openness and fair play the discovery rules embrace." *Higgs v. Costa Crociere S.P.A. Co.*, No. 19-10371, 2020 WL 4723739, at *6 (11th Cir. Aug. 14, 2020). Defendant shall complete production of documents it may use to support this defense within seven (7) days. *See id*. (observing that "use" is not restricted to admission at trial, but includes use at any stage in the litigation).

2.  Defendant's geographic objection asserted to Document Request No. 3 is overruled. Defendant shall produce communications with the Cuban Government that are related to capabilities of the different ports[4] in Cuba.

3.  Defendant's geographic objection to Document Request No. 7 is overruled. The request broadly seeks all documents and communications related to studies created by NCL before and after NCL commenced travel to Cuba. Plaintiff proffers that the documents are relevant to disproving Defendant's travel defense. Specifically, Plaintiff avers that efforts undertaken by NCL to examine the feasibility of using the Subject Property and/or any alternative options undermine Defendant's claim that it only used the Property because the Cuban Government told it to. Specific to the geographic objection, Plaintiff contends that even studies commissioned to examine ports outside of Havana will reveal the criteria Defendant applied in assessing available ports. At the hearing, Defendant asserted that response to the request would be disproportionately burdensome. Counsel did not know how many studies had been commissioned or the volume of documents associated with the studies. Counsel could not substantiate the burdensomeness argument with any facts, much less make an evidentiary showing sufficient for the Court to find the production would

---

[4] Ports herein is defined consistently with Plaintiff's definition advanced in its discovery requests.

be disproportionate to the needs of the case. Similarly, Plaintiff cannot meaningfully substantiate its request for *all documents and communications* of studies yet to be determined to have been conducted. Accordingly, Defendant is ordered produce documents sufficient to show what studies were commissioned, undertaken and/or contemplated, without geographic limit, for the purpose of determining the feasibility of disembarking in Cuba.[5]

4. Defendant withdrew its objection to Document Request No. 8, and agreed to produce responsive documents from its core custodians. Defendant is not required to search for newspaper periodicals and similar publications.[6]

5. With respect to Request No. 11, which seeks documents that would evidence violations of conditions of Defendant's license to travel to Cuba, Defendant's Response currently represents that Defendant will search for and produce responsive documents, "if such documents or communications exist." At the hearing, counsel represented that there are no documents concerning any violation of law, regulation or condition of any license because no such violation has occurred. Defendant is ordered to amend its answer to Document Request No. 11 to accurately so state.[7] Plaintiff's Request to Compel Documents responsive to Document Request No. 11, subheadings (d) and (e), are denied.

6. Defendant's geographic objection asserted to Interrogatory Nos. 7 and 8 is overruled.

7. Defendant's geographic objection asserted to Request No. 14 is overruled; however, the request exceeds what Plaintiff's proffer of relevance would support. The Parties are to confer in effort to first, identify shore excursions offered by NCL, before pursuing further production.[8] For

---

[5] Defendant was not compelled to produce documents responsive to Request No. 9; to the extent it seeks relevant documents, this Request is duplicative of Request No. 7.
[6] Defendant was not compelled to produce documents responsive to Request No. 15; to the extent it seeks relevant documents, this Request is duplicative of Request No. 8.
[7] Defendant was similarly ordered to amend its response to Request No. 13.
[8] Defendant was not compelled to produce documents responsive to Request No. 21; to the extent it seeks relevant documents, this Request is duplicative of Request No. 9.

similar reasons Defendant was not compelled to supplement its response to Request Nos. 22 or 34, or to amend response to Interrogatory No. 3(j). The requests are not proportional to the need for the information, based on the proffered relevance of these requests, which seek in great detail to discovery what passenger activities were conducted on shore.

8.      Supplemental or amended responses ordered herein must be served with fourteen days. To the extent Defendant relies upon Rule 33(d) for any answer to its interrogatories, Defendant shall identify by bates stamp number the document or documents on which it relies.

9.      Pursuant to Rule 37(a)(5), I find no award of fees is warranted. Defendant's objections were substantially justified, if ultimately overruled.

A status conference will take place on September 10, 2020, at 2:00pm. At the status conference, the Parties are encouraged to raise any issues with or impediments to beginning depositions. Defendant should be prepared to identify a date certain for the completion of its document production.

**DONE and ORDERED** in Chambers in Miami, Florida, on this 27th day of August, 2020.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE