**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 19-cv-23591-BLOOM/Louis**

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

NORWEGIAN CRUISE LINE HOLDINGS LTD.,

    Defendant.

_____/

**AMENDED STIPULATED CONFIDENTIALITY**
**AND PROTECTIVE ORDER**

This cause is before the Court upon the Parties' Joint Motion for Entry of an Amended Stipulated Confidentiality and Protective Order (ECF No. 153). That Motion is **GRANTED**.

Pursuant to the Parties' stipulation, in order to protect personal, private, confidential, or proprietary information that is produced during this action, it is hereby **ORDERED** as follows:

1.     <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve the production of confidential, proprietary, personal or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Havana Docks Corporation and Norwegian Cruise Line Holdings, Ltd. hereby stipulate to and petition the Court to enter the following Amended Stipulated Confidentiality and Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public

disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file confidential information under seal. Instead, Southern District of Florida Local Rule 5.4 and Sections 5A, 9A-D, and 10B, as applicable, of the CM/ECF Administrative Procedures set forth the procedures that must be followed when a party seeks permission from the Court to file material under seal.

2.      <u>DEFINITIONS</u>

2.1      <u>Party</u>: any party to this action, including all of its officers, directors, employees, crew members, consultants, retained experts, and Outside Counsel (and their support staffs).

2.2      <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.3      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.4      <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.5      <u>"ATTORNEYS' EYES ONLY"</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that contain particularly sensitive trade secrets, commercial, financial, busines or other information that requires protection beyond that afforded by a "CONFIDENTIAL" designation.

2.6      <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel, as well as their support staff (including but not limited to attorneys, paralegals, secretaries, law clerks, and

investigators).

2.7     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in response to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.8     Disclosure or Discovery Material: all items or information, including from any Non-Party, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.10    House Counsel: attorneys who are employees of a Party to this action and non-attorney legal managers within the Legal Department of a Party to this litigation, whether or not in the United States, who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A, as well as their support staff (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators). House Counsel does not include Outside Counsel or any other outside counsel.

2.11    Related Lawsuits: (1) *Havana Docks Corporation v. MSC Cruises SA Co*, *et al.,* 19-cv-23588 (S.D. Fla. 2019), (2) *Havana Docks Corporation vs. Carnival Corporation,* 19-cv-21724 (S.D. Fla. 2019), and (3) *Havana Docks Corporation v. Royal Caribbean Cruises, Ltd.*, 19-cv-23590 (S.D. Fla. 2019).

2.12    Outside Counsel: attorneys, as well as their support staff (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators) who are not employees

of a Party to this action but are retained to represent or advise a Party to this action, and any attorney outside the United States advising a Party regarding this action who has signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as <u>Exhibit A</u>.

        2.13     <u>Outside Counsel for Non-Party MSC Defendants</u>:  attorneys, as well as their support staff (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators) who are not employees of MSC Cruises SA CO, MSC Cruises SA, or MSC Cruises (USA) Inc. (the "MSC Defendants"), but are retained to represent or advise the MSC Defendants in the related case *Havana Docks Corporation v. MSC Cruises SA Co*, *et al.,* 19-cv-23588 (S.D. Fla. 2019), and any attorney outside the United States advising the MSC Defendants in that action who has signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as <u>Exhibit A</u>.

        2.14     <u>Outside Counsel for Non-Party Royal Caribbean</u>: attorneys, as well as their support staff (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators) who are not employees of Royal Caribbean Cruises, Ltd., ("Royal Caribbean"), but are retained to represent or advise Royal Caribbean in the related case *Havana Docks Corporation v. Royal Caribbean Cruises, Ltd.*, 19-cv-23590 (S.D. Fla. 2019), and any attorney outside the United States advising Royal Caribbean in that action who has signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as <u>Exhibit A</u>.

        2.15     <u>Outside Counsel for Non-Party Carnival</u>: attorneys, as well as their support staff (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators) who are not employees of Carnival Corporation. ("Carnival"), but are retained to represent or advise Carnival in the related case *Havana Docks Corporation vs. Carnival Corporation*, 19-cv-21724 (S.D. Fla. 2019), and any attorney outside the United States advising Carnival in that action who

has signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as <u>Exhibit A.</u>

2.16    <u>Expert for Non-Party</u>: a person with specialized knowledge or experience in a matter pertinent to this litigation and the Related Lawsuits, along with his or her employees and support personnel, who has been retained by any of the defendants in the Related Lawsuits or their respective Counsel to serve as an expert witness or as a consultant in those actions.

2.17    <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or  Discovery Material in this action.

2.18    <u>Professional Vendors</u>: persons or entities that provide litigation support services (*i.e.*, photocopying, videotaping, preparing exhibits or demonstrations, and organizing, storing, or retrieving data from any form or medium) and their employees and subcontractors.

2.19    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Additionally, any "Personally Identifiable Information" or "PII" is automatically deemed Protected Material and CONFIDENTIAL, whether or not it is actually designated as CONFIDENTIAL. "PII" means any personal or financial information that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2, and also passport numbers and visas.

2.20    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations,

or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final Disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under this Order. The Designating Party, to the extent practicable, shall designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept

unjustifiably within the ambit of this Order. In situations where it is not practicable to designate only those parts of material, documents, items, or oral or written communications that qualify for protection under this Order, the Designating Party is not relieved from the obligation under Section 5.2 (as qualified by Section 5.2(a)) to designate before disclosure or production of the material, documents, items, or oral or written communications that portions of those that qualify for protection under this Order. Absent such a designation, the Receiving Party shall have no obligation to treat the disclosed material, documents, items, or oral or written communications as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" unless and until notified pursuant to Section 5.3 of an inadvertent failure to designate.

Mass or indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified or that have been clearly made for an improper purpose (*i.e.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must within a reasonable time notify all other Parties that it is withdrawing or modifying the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*e.g.*, Section 5.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (*e.g.*, paper or electronic documents, but

excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the top and bottom of each page that contains protected material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced, unless the original documents or materials contain "ATTORNEYS' EYES ONLY" information.   In such case, the Producing Party must designate the documents or materials as "ATTORNEYS' EYES ONLY" prior to making them available for inspection. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to the top and bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and specify the level of protection being asserted.

(b)     For testimony given in deposition, that the Designating Party designate any testimony or exhibits "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" either on the record before the close of the deposition or in writing on or before the later of thirty (30) days after receipt of the final transcript or the date by which any review by the witness and corrections to the transcript are to be completed under Federal Rule of Civil Procedure 30. If any portion of a deposition is designated, the transcript shall be labeled with the appropriate legend. If any portion of a videotaped deposition is designated, the original and all copies of any videotape, DVD, or other media container

shall be labeled with the appropriate legend. Pending designation as set forth above, the entire transcript, including exhibits, shall be deemed "CONFIDENTIAL." If no designation is made within the time period above, the transcript shall be considered not to contain any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"information.

Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages and videotape of the deposition testimony dealing with such Protected Material. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent and deponent's counsel, any person who is not authorized by this Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)     For all other information or tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If a Producing Party discovers that "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information or items that it produced were not designated as Protected Material, or that it produced information or items that were designated as Protected Material but designated in the incorrect category, the Producing Party may notify all other Parties of the error and identify the affected information or items and their new designation. Thereafter, the information or items so designated will be treated as Protected Material. After providing such notice, the Producing Party shall provide re-labeled copies of the information or

items to each Receiving Party reflecting the change in designation.

An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  Upon receiving the Protected Material with the correct confidentiality legend, the Receiving Parties shall return or securely destroy and certify same in writing, at the Receiving Parties' option, all Discovery Material reasonably accessible to the Receiving Party that was not designated correctly. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing Challenges.   Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer. The Challenging Party shall initiate a designation of confidentiality challenge by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made  in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must confer directly within seven (7) business days of the date

of service of the written notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party fourteen (14) business days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

       6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without the Court's intervention, the Designating Party shall follow the Court's discovery procedures to seek Court intervention. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to seek relief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.    <u>ACCESS TO AND USE OF "CONFIDENTIAL" INFORMATION OR ITEMS AND "ATTORNEYS' EYES ONLY" INFORMATION</u>

       7.1    <u>Basic Principles</u>. A Receiving Party may use "CONFIDENTIAL" Information or Items or "ATTORNEYS' EYES ONLY" information that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, or related appellate proceeding, and not for any other purpose whatsoever, including but not limited to other litigation. Such "CONFIDENTIAL" Information or Items or "ATTORNEYS' EYES ONLY" information may be disclosed only to the categories of persons and under the

conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party and by a Non-Party who received "ATTORNEYS' EYES ONLY" information at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. The parties agree to take any additional appropriate security and cybersecurity measures with respect to "CONFIDENTIAL" Information or Items or "ATTORNEYS' EYES ONLY" information containing PII. A Non-Party who received "ATTORNEYS' EYES ONLY" information also agrees to take any additional appropriate security and cybersecurity measures with respect to "ATTORNEYS' EYES ONLY" information containing PII. The parties and a Non-Party who received "ATTORNEYS' EYES ONLY" information agree to take all reasonable steps to prevent the unauthorized disclosure, loss, or publication of PII.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.     Unless     otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the current or former officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as <u>Exhibit A</u>;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as <u>Exhibit A</u>;

(d)     the Court and its personnel;

(e)      Court reporters, stenographers, and videographers retained to record testimony in this action and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)      during their depositions or preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary;

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)      any mediator who is assigned to hear this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

7.3     Disclosure of "ATTORNEYS' EYES ONLY" information.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, information or items designated "ATTORNEYS' EYES ONLY" may be disclosed only to:

(a)      Outside Counsel;

(b)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(c)      Outside Counsel for Non-Party MSC Defendants (as defined in this Order) to whom disclosure is reasonably necessary for compliance with Court deadlines related to the disclosure of expert and expert reports, deposition of experts, dispositive motions, Daubert motions, and other pre-trial motions;

(d)      Outside Counsel for Non-Party Carnival (as defined in this Order) to whom disclosure is reasonably necessary for compliance with Court deadlines related to the disclosure of expert and expert reports, deposition of experts, dispositive motions, Daubert motions, and other pre-trial motions;

(e)      Outside Counsel for Non-Party Royal Caribbean (as defined in this Order) to whom disclosure is reasonably necessary for compliance with Court deadlines related to the disclosure

of expert and expert reports, deposition of experts, dispositive motions, Daubert motions, and other pre-trial motions;

(f)      Experts for Non-Party (as defined in this Order) to whom disclosure is reasonably necessary for compliance with Court deadlines related to the disclosure and deposition of experts and submission of expert reports and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(g)      any mediator who is assigned to hear this matter or the Related Lawsuits, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

(h)      Court reporters, stenographers, and videographers retained to record testimony in this action and in the Related Lawsuits and their staff, and Professional Vendors to whom disclosure is reasonably necessary; and

(i)      The Court and its personnel.

With respect to information that is marked "CONFIDENTIAL" Information or Items and was produced prior to the entry of this amended protective order, nothing in this Paragraph 7.3 shall prevent that information from being seen by the individuals who were permitted to see it under Paragraph 7.2 of the initial order (ECF No. 86), notwithstanding that the information is now marked ATTORNEYS' EYES ONLY under this Paragraph 7.3.

8.      PROTECTED MATERIAL REQUESTED, SUBPOENAED OR ORDERED
         PRODUCED IN OTHER LITIGATION

If a Party is served with a document request, investigatory demand for documents, subpoena or a court order ("Document Demand") issued in other litigation or government investigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that Party must:

(a)      within three (3) business days notify in writing the Designating Party. Such notification shall include a copy of the Document Demand;

(b)      promptly notify in writing the party who caused the Document Demand to issue in the other litigation that some or all of the material covered by the Document Demand is subject to this Order. Such notification shall include a copy of this Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the Document Demand shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the Document Demand issued, unless the Party has obtained the Designating Party's written permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or requiring a Receiving Party in this action to disobey any order from any court.

9.      <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)      promptly provide the Non-Party with a copy of this Order and the relevant discovery request(s); and

(3)      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.   <u>VERY SENSITIVE INFORMATION; UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

10.1   <u>Providing Access to Very Sensitive Information</u>.    The   parties   agree   and acknowledge that certain relevant information in this case ("Very Sensitive Information" or "VSI") contains significant amounts of third party PII and that unauthorized access to or distribution of this information, including inadvertent disclosure or disclosure by cybersecurity breach, could result in significant liabilities to the Producing Party. A Producing Party need not produce information it deems VSI; instead, the Producing Party may make VSI available to the Receiving Party for review by means that maintain the security of the VSI to the Producing Party's satisfaction. The parties will engage in good faith discussions to facilitate this arrangement to the satisfaction of both parties.

10.2    <u>Disclosure of Protected Material</u>. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as <u>Exhibit A</u>.

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

The production of documents, electronically stored information, or other materials or information, whether inadvertent or otherwise, containing any matter protected from disclosure by the attorney-client privilege or work-product doctrine in connection with this litigation is not a waiver of the attorney-client privilege or work-product doctrine in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI (including metadata), or other information for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

If any Discovery Material is inadvertently produced by any Producing Party and is subject to a claim of privilege or of protection from production (as attorney-client communication, attorney work product, trial preparation materials, or any other claim of privilege, protection or immunity), the Producing Party making the claim may notify the Receiving Party of the claim in writing. The written notice shall identify the Discovery Material that was produced (including the

format of the production, e.g., paper, electronically stored information, etc.), the nature and basis of the claim of privilege or of protection from production, and the date(s) the Discovery Material was produced. If the Producing Party claims that only a portion of the Discovery Material is privileged or protected from production, the Producing Party shall also provide a new copy of the Discovery Material with the allegedly privileged or protected portions redacted. Further, if the Receiving Party reasonably believes that the Producing Party has inadvertently produced Discovery Material that is subject to a claim of privilege or of protection from production, upon such discovery, the Receiving Party shall promptly notify the Producing Party and identify the Discovery Material that it believes was inadvertently produced. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

After being notified, the Receiving Party shall promptly return, or certify in writing the destruction of, such Discovery Material to the Producing Party within ten (10) business days, unless the Receiving Party challenges the privileged or protected nature of the Discovery Material, in which case the Receiving Party shall move the Court within five (5) additional business days for a determination as to the privileged or protected nature of the documents. Moreover, while there is a dispute between the parties as to the privileged or protected nature of the documents, the Receiving Party shall not use or divulge the contents of such Discovery Material except to the Court under seal.

12.    MISCELLANEOUS

12.1    Right to Assert Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Southern District of Florida Local Rule 5.4 and Sections 5A, 9A-D, and 10B, as applicable, of the CM/ECF Administrative Procedures. Protected Material may only be filed under seal pursuant to court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Southern District of Florida Local Rule 5.4, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Southern District of Florida Local Rule 5.4 is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

The Parties in any event agree to comply with Federal Rule of Civil Procedure 5.2 and, pursuant to Rule 5.2(e), agree to further redact any other sensitive, identifying, or financial information associated with any individual, including but not limited to passport numbers.

13.    FINAL DISPOSITION

Within sixty (60) days (fourteen (14) days as to PII only) after the Final Disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or Destroy such material and any Non-Party who received "Attorneys' Eyes Only"

information must return all "Attorneys' Eyes Only" information to the Producing Party or destroy such material and certify to same in writing. "Destroy" means, with respect to Personal Data, destruction of such information through shredding, pulverizing, burning, erasure (in the case of electronic media), or other methods such that it cannot practicably be read or reconstructed. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or Destroyed, the Receiving Party and any Non-Party having received "Attorneys' Eyes Only" information must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party and the Non-party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel to this litigation, Outside Counsel for Non-Party MSC Defendants, Outside Counsel for Non-Party Carnival, and Outside Counsel for Non-Party Royal Caribbean are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material (except PII). Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 of this Order.

**FOR GOOD CAUSE SHOWN**, the foregoing Amended Stipulated Confidentiality and

Protective order is hereby entered.

**DONE AND ORDERED** this 11th day of March, 2021 at Miami Florida.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:  All Counsel of Record

## **EXHIBIT A**

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I,_____, declare under penalty of perjury that I have read in its entirety and understand the Amended Stipulated Confidentiality and Protective Order ("Order") that was issued by the United States District Court for the Southern District of Florida on_____, 2021, in the case of *Havana Docks Corporation v. Norwegian Cruise Line Holdings Ltd.*, Case No. 19-CV-23591-BLOOM/Louis. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State (or Country if outside the United States) where sworn and signed:

_____

Printed Name: _____

Signature: _____