**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| HAVANA DOCKS CORPORATION,<br>    Plaintiff,<br>v.<br>CARNIVAL CORPORATION,<br>    Defendant.<br>_____ / | **Case No. 19-cv-21724**<br>**BLOOM/MCALILEY** |
| HAVANA DOCKS CORPORATION,<br>    Plaintiff,<br>v.<br>MSC CRUISES SA,<br>MSC CRUISES SA CO, and<br>MSC CRUISES (USA) INC.,<br>    Defendants.<br>_____ / | **Case No. 19-cv-23588**<br>**BLOOM/LOUIS** |
| HAVANA DOCKS CORPORATION,<br>    Plaintiff,<br>v.<br>ROYAL CARIBBEAN CRUISES, LTD.,<br>    Defendant.<br>_____ / | **Case No. 19-cv-23590**<br>**BLOOM/LOUIS** |
| HAVANA DOCKS CORPORATION,<br>    Plaintiff,<br>v.<br>NORWEGIAN CRUISE LINE HOLDINGS, LTD.,<br>    Defendant.<br>_____ / | **Case No. 19-cv-23591**<br>**BLOOM/LOUIS** |

**ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION OF TWO ASPECTS OF COURT'S ORDER ON DEFENDANTS' MOTION TO CONFIRM INTEREST CALCULATION PURSUANT TO 22 U.S.C. § 6082(a)(1)(B)**

**THIS CAUSE** is before the Court upon Defendants' Motion for Reconsideration of Two Aspects of Court's Order on Defendants' Motion to Confirm Interest Calculation Pursuant to 22 U.S.C. § 6082(a)(1)(B), ECF No. [434] ("Motion"). Plaintiff filed a Response, ECF No. [440], to which Defendants filed a Reply, ECF No. [441]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

Upon Defendants' Motion to Confirm Interest Calculation Pursuant to 22 U.S.C. § 6082(a)(1)(B), the Court considered Defendants' request to confirm how it will calculate the applicable interest in this case. *See* ECF No. [428] ("Interest Order"). The Interest Order confirmed the applicable interest rate, determined that the interest is simple rather than compounded, and analyzed how the Helms-Burton Act's trebling provision applies. *See id.* In pertinent part, Defendants argued that the applicable interest rate should be a single rate from the calendar week preceding the date of judgment. *See* 28 U.S.C. § 1961(a). However, the Court already considered and rejected Defendants' interpretation. Specifically, the Court determined that, according to the plain language of the Helms-Burton Act, the applicable rate of interest is the weekly average 1-year constant maturity Treasury yield for each week over the period between the date of confiscation and the date Plaintiff brought each case against each Defendant. *Id*. at 9. In the Motion, Defendants now urge the Court to reconsider its conclusion, arguing that the reasoning in the Interest Order supports the application of a single rate as of the week each Complaint was filed in these cases. Plaintiff opposes the request, arguing that Defendants raise an entirely new argument, and the Motion is therefore improper.[1]

---

[1] In the Motion, Defendants also request that the Court reconsider its interpretation of the rebuttable presumption in the Helms-Burton Act. However, Defendants point out in their Reply that the Court need not do so in light of the status conference held on September 21, 2022 and no triable issues remaining. *See*

Case No. 19-cv-23591-BLOOM/McAliley

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the

---

ECF No. [441] at 2 n.2. As such, the Court does not consider the parties' arguments with respect to the operation of the rebuttable presumption.

only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request"). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted).

Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369. Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

Upon review, Defendants fail to set forth any ground justifying reconsideration. Defendants argue "that the reasoning of the Interest Order itself dictates that the Court should apply the interest rate in effect at the time the Complaint in each action was filed" – which is different from the conclusion the Court reached in the Interest Order. In the Interest Order, the Court concluded that, based on the plain language of the Helms-Burton Act's interest provision, rather than the rate proposed by either Defendants or Plaintiff, "the proper rate to be applied is the

weekly average 1-year constant maturity Treasury yield for each week over the period between the date of confiscation and the date Plaintiff brought each of these actions against each Defendant." ECF No. [428] at 9. In requesting that the Court reconsider and apply the single rate from the week each Complaint was filed, Defendants argue that they "simply seek a result that more naturally (and directly) follows from the reasoning in that Order." ECF No. [441] at 3. Defendants cite to *Naylor Farms, Inc. v. Anadarko OGC Co.*, No. 08-CV-668, 201 WL 053791, at *1 (W.D. Okla. Sept. 14, 2011), to suggest that the relief they seek is proper to harmonize this Court's rulings.

However, Defendants fail to show any inconsistency in the Court's rulings, and Defendants' request amounts to nothing more than disagreement with the Court's conclusion in the Interest Order. "[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Roggio v. United States*, No. 11-22847-CIV, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) (internal citation and quotation marks omitted). Indeed, "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation and alterations omitted).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [434]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 7, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:    Counsel of Record