# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

HAVANA DOCKS CORPORATION,
     Plaintiff,
v.

CARNIVAL CORPORATION,
     Defendant.
_____/

Case No. 19-cv-21724
BLOOM/MCALILEY

HAVANA DOCKS CORPORATION,
     Plaintiff,
v.

MSC CRUISES SA, et al.,
     Defendants.
_____/

Case No. 19-cv-23588
BLOOM/LOUIS

HAVANA DOCKS CORPORATION,
     Plaintiff,
v.

ROYAL CARIBBEAN CRUISES, LTD.,
     Defendant.
_____/

Case No. 19-cv-23590
BLOOM/LOUIS

HAVANA DOCKS CORPORATION,
     Plaintiff,
v.

NORWEGIAN CRUISE LINE HOLDINGS,
LTD.,
     Defendant.
_____/

Case No.: 19-cv-23591
BLOOM/LOUIS

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiff Havana Docks Corporation ("Havana Docks") respectfully moves the Court for the entry of separate final judgments against Carnival Corporation ("Carnival"), MSC Cruises S.A., MSC Cruises USA, LLC, f/k/a MSC Cruises (USA) Inc. (collectively "MSC"); Royal Caribbean Cruises Ltd. ("Royal Caribbean"); and Norwegian Cruise Line Holdings, Ltd. ("Norwegian") (collectively "Defendants"), and states as follows:

## INTRODUCTION

Each Defendant cruise line has been found liable for trafficking in Havana Docks' confiscated property in violation of Title III of the Cuban Liberty and Democratic Solidarity Act of 1996, 22 U.S.C. §§ 6021–6091 (the "LIBERTAD" or Helms-Burton" Act). The only remaining issue, therefore, is the calculation of Havana Docks' statutory damages—an issue the plain language of Title III easily resolves. As a plaintiff owning a claim certified by the Foreign Claims Settlement Commission ("FCSC"), Havana Docks is entitled to money damages equaling the sum of (1) three times the greater of the amount certified by the FCSC, plus interest; the amount determined by a special master, plus interest; or the property's current or past fair market value, plus interest (whichever is greater) and (2) court costs and reasonable attorneys' fees. *See* § 6082(a)(1), (a)(3)(c)(i). As a result of the Court's pretrial rulings, Havana Docks seeks damages based on the amount certified to it by the FCSC, plus interest. *See* § 6082(a)(1)(A)(i)(I). Now that the Court has determined the applicable method for calculating interest, the entry of judgment against each Defendant is a matter of arithmetic.

## I.   HAVANA DOCKS IS ENTITLED TO THE ENTRY OF FINAL JUDGMENT AGAINST EACH DEFENDANT.

Havana Docks brought separate actions against each Defendant for trafficking in its confiscated property in violation of Title III.[1] In the Court's omnibus summary judgment order, it determined that each Defendant is liable for such trafficking.[2] Under Title III's damages provision, each Defendant's liability is to be calculated in an amount equal to the sum of (1) three times the greater of the amount certified to Havana Docks by the FCSC, plus interest, or the current or past fair market value of the property, plus interest (whichever is greater) and (2) court costs and reasonable attorneys' fees.[3] *See* § 6082(a)(1), 6082(a)(3)(c)(i).

Having considered the Court's pretrial rulings, including its order on the parties' *Daubert* motions and Defendants' interest motion, Havana Docks elects to calculate its damages based on the amount of its certified claim, plus interest.[4] Section 6082(a)(1)(A)(i)(I) provides for money damages in the amount "certified to the claimant by the [FCSC] under the International Claims Settlement Act of 1949 [22 U.S.C.A § 1621 et seq.], plus interest[.]" Here, the FCSC "certifie[d] that Havana Docks Corporation suffered a loss … within the scope of Title V of the International

---

[1] *Carnival*, ECF No. 149; *MSC*, ECF No. 104; *Royal Caribbean*, ECF No. 56; *Norwegian*, ECF No. 46.

[2] *Carnival*, ECF No. 477; *MSC*, ECF No. 330; *Royal Caribbean*, ECF No. 253; *Norwegian*, ECF No. 367.

[3] Because Havana Docks' claim has been certified by the FCSC, Title III's special master provision, § 6082(a)(1)(A)(i)(II), does not apply.

[4] To the extent Defendants appeal, Havana Docks reserves its right to cross-appeal without waiving any positions taken before the Court.

Claims Settlement Act of 1949 … in the amount of Nine Million One Hundred Seventy-nine Thousand Seven Hundred Dollars and Eighty-eight Cents ($9,179,700.88)[.]"[5] Thus, the amount "certified to the claimant by the [FCSC]" under § 6082(a)(1)(A)(i) is $9,179,700.88.[6]

Turning to the interest due on that amount, Title III tasks courts with computing it "from the date of the confiscation of the property involved to the date on which the action is brought[.]" § 6082(a)(1)(B). In its order on Defendants' motion to confirm interest calculation, the Court ruled that "the proper rate to be applied is the weekly average 1-year constant maturity Treasury yield for each week over the period between the date of confiscation and the date Plaintiff brought each of these actions against each Defendant."[7] Further, the Court ruled that "interest under Title III is simple and not compound."[8]

For the Court's convenience, Havana Docks has calculated the amount of pre-filing interest that has accrued on "the amount . . . certified to [Havana Docks] by the [FCSC]" from the date of the confiscation—October 24, 1960—to the date on which it brought each action. Attached as Exhibit A is the declaration of CPA Kyle S. Garcia,

---

[5] *Carnival*, ECF No. 73-8 at 4; *MSC*, ECF No. 41-8 at 4; *Royal Caribbean*, ECF No. 31-8 at 4; *Norwegian*, ECF No. 43-8 at 4.

[6] In their motion to confirm interest calculation, Defendants acknowledged that "the amount awarded in the Certified Claim" is "a total of $9,179,700.88[.]" *See Carnival*, ECF No 513 at 7; *MSC*, ECF No. 365 at 7; *Royal Caribbean*, ECF No. 288 at 7; *Norwegian*, ECF No. 398 at 7.

[7] *Carnival*, ECF No. 541 at 9; *MSC*, ECF No. 391 at 9; *Royal Caribbean*, ECF No. 314 at 9; *Norwegian*, ECF No. 428 at 9.

[8] *Id.* at 11.

who has calculated pre-filing interest in each case.[9] With respect to Carnival, Havana Docks filed its initial complaint on May 2, 2019, resulting in pre-filing interest in the amount of $27,377,359.42.[10] When added to the amount certified to Havana Docks by the FCSC—$9,179,700.88—it totals $36,557,060.30. As for MSC, Royal Caribbean, and Norwegian, Havana Docks filed its initial complaint against each Defendant on August 27, 2019, resulting in pre-filing interest in the amount of $27,436,548.41. When added to the amount certified to Havana Docks by the FCSC, it totals $36,616,249.29 for each of the three Defendants.

Havana Docks is further entitled to treble damages. Where a plaintiff "owns a claim with respect to that property which was certified by the FCSC," § 6082(a)(3)(A), damages are the sum of (1) the plaintiff's costs and reasonable attorney fees and (2) "3 times the amount determined applicable under paragraph (1)(A)(i)." § 6082(a)(3)(C). In its order on Defendants' motion to confirm interest calculation, the Court ruled that the amount referred to in "paragraph (1)(A)(i)" is "the claim <u>and</u> the interest."[11] The amount subject to trebling in the Carnival action is, therefore,

---

[9] In calculating interest, Mr. Garcia used the historical weekly average 1-year constant maturity Treasury yields as maintained by the Board of Governors of the Federal Reserve System in the Federal Reserve Economic Data ("FRED") database. These rates are available through the Federal Reserve's Data Download Program. *See* https://federalreserve.gov/datadownload.

[10] Exhibit 3 to Kyle Garcia's declaration is an interest rate schedule reflecting the pre-filing interest amounts in each action. The first page reflects the total pre-filing interest amount in each case and the sum of pre-filing interest and the amount certified to Havana Docks by the FCSC.

[11] *Carnival*, ECF No. 541 at 12; *MSC*, ECF No. 391 at 12; *Royal Caribbean*, ECF No. 314 at 12; *Norwegian*, ECF No. 428 at 12.

$36,557,060.30, and in each of the MSC, Royal Caribbean, and Norwegian actions it is $36,616,249.29. Thus, the total amount of liability in the Carnival action is $109,671,180.90 (plus costs and attorneys' fees) and the total amount in each of the MSC, Royal Caribbean, and Norwegian actions is $109,848,747.87 (plus costs and attorneys' fees).

As for those attorneys' fees and costs, the parties have agreed to resolve the issue through the mechanism provided in Local Rule 7.3. Upon the conclusion of the parties' conferral, and the disposition of any subsequent motion practice, the amounts reflecting Havana Docks' costs and reasonable attorneys' fees in each action should be added to the corresponding judgment.

That total—the sum of (1) the certified claim amount, plus interest, trebled and (2) the corresponding amount of fees and costs in each action—is to be entered against each Defendant separately. In its order on Defendants' motion for consolidation, the Court agreed that the cases should be consolidated for the determination of damages, but it rejected the notion that Defendants are entitled to a collective judgment.[12] This ruling accords with precedent. *See Hall v. Hall*, 138 S. Ct. 1118, 1128 (2018) (Roberts, C.J., for unanimous Court) ("[T]his Court, along with the courts of appeals and leading treaties … emphasize[] that constituent cases should end in separate decrees or judgments."). As a result, Havana Docks is entitled to the entry of separate judgments against Carnival, MSC, Royal Caribbean, and Norwegian.

---

[12] *Carnival*, ECF No. 543; *MSC*, ECF No. 393; *Royal Caribbean*, ECF No. 316; *Norwegian*, ECF No. 430.

Finally, Havana Docks is entitled to post-judgment interest. Such interest shall be at the *rate* (weekly average 1-year constant maturity Treasury yield for the calendar week preceding judgment) and *manner* (computed daily and compounded annually) prescribed by 28 U.S.C. § 1961. And such interest is to accrue on the entire judgment amount—*i.e.*, the certified claim amount, plus interest, trebled and fees and cost. *See* § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."); *Bank South Leasing, Inc. v. Williams*, 778 F.2d 704, 705-06 (11th Cir. 1985) ("Pursuant to [§ 1961(a)], Bank South was entitled to postjudgment interest on the entire award, including the punitive damages, from the date of the original judgment."); *DeLong Equip. Co. v. Wash. Mills Electro Min. Corp.*, 997 F.2d 1340, 1342-43 (11th Cir. 1993) (same for treble damages under the Sherman Act); *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994) ("Supreme Court and this circuit's precedent is clear: When a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.") (cleaned up); *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 796-799 (11th Cir. 1988) (concluding that "out of pocket costs and attorneys' fees … are to be treated alike with respect to [post-judgment] interest.") (quoting *Gates v. Collier,* 636 F.2d 942, 943 (5th Cir. Jan. 1981) (per curiam)).

**CONCLUSION**

WHEREFORE, Havana Docks respectfully requests the entry final judgment in each action as follows:

1. Against Carnival Corporation, in case number 19-cv-21724, the amount of $109,671,180.90, plus court costs and reasonable attorneys' fees, with post-judgment interest to accrue thereon at the rate and manner prescribed by 28 U.S.C. § 1961.

2. Against MSC Cruises S.A., MSC Cruises USA, LLC, f/k/a MSC Cruises (USA) Inc., in case number 19-cv-23588, the amount of $109,848,747.87, plus court costs and reasonable attorneys' fees, with post-judgment interest to accrue thereon at the rate prescribed by 28 U.S.C. § 1961.

3. Against Royal Caribbean Cruises Ltd., in case number 19-cv-23590, the amount of $109,848,747.87, plus court costs and reasonable attorneys' fees, with post-judgment interest to accrue thereon at the rate and manner prescribed by 28 U.S.C. § 1961.

4. Against Norwegian Cruise Line Holdings, Ltd.  in case number 19-cv-23591, the amount of $109,848,747.87, plus court costs and reasonable attorneys' fees, with post-judgment interest to accrue thereon at the rate and manner prescribed by 28 U.S.C. § 1961.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), undersigned counsel has conferred with opposing counsel for Defendants in a good faith effort to resolve the issues raised in this motion. Undersigned has been authorized to represent that Defendants— without waiving their objections to the determination of the applicable interest rate and the amount of the FCSC's valuation—do not challenge Havana Docks' pre-filing interest calculations. Defendants' remaining objections, as outlined during the September 21, 2022 status conference, will be raised in their response.

Dated: October 21, 2022.

Respectfully submitted,

**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
E-mail: eservice@colson.com

By: s/ Roberto Martínez
    Roberto Martínez
    Florida Bar No. 305596
    Bob@colson.com
    Stephanie A. Casey
    Florida Bar No. 97483
    scasey@colson.com
    Zachary A. Lipshultz
    Florida Bar No. 123594
    zach@colson.com
    Thomas A. Kroeger
    Florida Bar No. 19303
    tom@colson.com
    Aziza F. Elayan-Martínez

9

Florida Bar No. 92736
aziza@colson.com
Sabrina S. Saieh
Florida Bar No. 125290
sabrina@colson.com

–     and –

**MARGOL & MARGOL, P.A.**
2029 3rd Street North
Jacksonville Beach, Florida 32250
Telephone: (904) 355-7508
Facsimile: (904) 619-8741

Rodney S. Margol
Florida Bar No. 225428
Rodney@margolandmargol.com

*Attorneys for Plaintiff Havana Docks Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court.  I also certify that the foregoing document is being served on this 21st day of October on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner.

By: s/ Roberto Martínez
      Roberto Martínez